IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES WILLIAMS                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:11CV110-NBB-SAA

FORD MOTOR COMPANY,
HOMER SKELTON FORD, INC.,
and JOHN DOES 1-43                                                               DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Presently before the court is the plaintiff's motion to remand.  For the reasons set forth

below, the plaintiff's motion is denied.

### Factual and Procedural Background

The plaintiff, James Williams, is a Mississippi resident; defendant Homer Skelton Ford,

Inc., (Homer Skelton) is a Mississippi corporation with its principal place of business in

Mississippi; and defendant Ford Motor Company (Ford) is a Delaware corporation with its

principal place of business in Michigan.

The plaintiff's daughter, Lorinda Terry, bought a 1997 Ford Expedition from Homer

Skelton, on January 21, 2005.  On November 12, 2008, the vehicle was at the plaintiff's house,

turned off, and parked in the garage.  During that time, the car caught fire and burned the

plaintiff's house and property therein.  Before Terry bought the vehicle, the Office of Defects

Investigation (ODI) of the National Highway Transportation Safety Administration (NHTSA)

received reports of engine fires and undertook various investigations on Ford vehicles.  Ford also

recalled certain vehicles because they contained a defective Speed Control Deactivation Switch

(SCDS).  The model year 1997 Ford Expeditions contained the same SCDS as those Ford

vehicles already investigated and recalled; however, prior to and up until the date Terry bought the vehicle, the model year 1997 Ford Expeditions were not investigated or recalled.

The plaintiff filed a complaint in the Circuit Court of Benton County, Mississippi, against Ford, Homer Skelton, and forty-three other fictitious defendants alleging, inter alia, negligent failure to warn and gross negligence and wanton failure to warn of the defective condition. The plaintiff seeks compensatory damages for his house, personal property, and emotional distress and mental anguish, as well as punitive damages.

Ford removed the case to this court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Ford contends that Homer Skelton was improperly joined because the Mississippi Products Liability Act (MPLA) provides an innocent seller immunity and that Homer Skelton is an innocent seller. Ford also contends that it is apparent on the face of the complaint, coupled with the request for punitive damages, that the amount in controversy exceeds $75,000. The plaintiff has now filed a motion to remand, asserting that Homer Skelton is a proper defendant and that diversity jurisdiction is defeated because Homer Skelton had actual or constructive knowledge of the defect. The plaintiff further contends that it has not been established that the amount in controversy exceeds $75,000.

## Standard of Review

The party removing a case to federal court has the burden of "plead[ing] a basis for federal jurisdiction." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981) (citations omitted). "[W]here there have been allegations of 'fraudulent joinder,' it is clear that the burden is upon the removing party to prove the alleged 'fraud.'" *Id.* The burden of proof is "a heavy one." *Id.* The removing party must show "(1) actual fraud in the pleading of jurisdictional facts,

or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

When deciding a motion for remand, the court must view the facts "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Miller Brewing Co.,* 663 F.2d at 549. The court must also interpret "the current state of controlling substantive law in favor of the plaintiff." *Id.* "[I]f there is even a possibility that a state court would find a cause of action stated against . . . the named in-state defendant[] . . . then the federal court must find that the in-state defendant [has] been properly joined . . . [and] the case must be remanded to the state court[]." *Id.* at 550. When determining fraudulent joinder claims, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood,* 385 F.3d at 573. The purpose of this is to allow the court "a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Id.* at 574.

## Discussion

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). A federal court may exercise diversity jurisdiction only if complete diversity exists and the complaint meets the amount in controversy. *Id.* at 373. Complete diversity means, "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). When diversity jurisdiction exists, a case originally filed in state court may be removed to federal court. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* at 69.

3

The defendant Ford asserts that this court has subject matter jurisdiction over the present case based on diversity jurisdiction. Two issues must be addressed to determine whether this court has diversity jurisdiction: (A) whether complete diversity exists, and (B) whether the amount in controversy exceeds $75,000.

## A. Complete Diversity

The MPLA contains an "innocent seller" immunity provision which provides that a product liability suit cannot be brought against "[a] mere conduit[] of a product." Miss. Code Ann. § 11-1-63(h). "It is the intent of this section to immunize innocent sellers who are not actively negligent . . . ." *Id.* There are exceptions to this rule, however, including if:

> the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.

*Id.* The statute "speaks only of dangers known as of the time the product leaves the control of the manufacturer or seller." *Noah v. Gen. Motors Corp.,* 882 So. 2d 235, 239 (Miss. Ct. App. 2004). There is no post-sale duty to warn of a product defect. *Id.*

A negligence claim may also be subject to the innocent seller immunity provision. *Murray v. Gen. Motors, LLC,* No. 3:10-CV-188 HTW-LRA, 2011 WL 3684517, at *3 (S.D. Miss. Aug. 22, 2011). "[W]hen a plaintiff's negligence claim cannot survive apart from his MPLA claim, regardless of how the plaintiff labels the claim . . . the claim is governed by the MPLA." *Id.* "[T]he inquiry is whether the claims assert liability based on the alleged defect in the product at issue." *Id.* "[N]egligence claims can be brought alongside strict liability claims,

4

[but] a party may not disguise a products liability claim as a negligence claim to avoid dismissal." *Murray v. Gen. Motors, LLC,* No. 11-60618, 2012 WL 2005018, at *5 (5th Cir. June 5, 2012) (quoting *McSwain v. Sunrise Med., Inc.,* 689 F. Supp. 2d 835, 846, (S.D. Miss. 2010)); *see also McKee v. Bowers Window & Door Co.,* 64 So. 3d 926 (Miss. 2011); *Moss v. Batesville Casket Co.,* 935 So. 2d 393 (Miss. 2006).

In the present case, Homer Skelton is the only non-diverse defendant; therefore, whether complete diversity exists turns on the applicability of the MPLA innocent seller immunity provision. The negligent and gross negligent failure to warn claims against Homer Skelton are subject to the innocent seller immunity provision because they are based on the defect in the vehicle. The plaintiff does not contend that Homer Skelton exercised substantial control over the design or altered or modified the product. Instead, the plaintiff contends that Homer Skelton had actual or constructive knowledge of the defect at the time Terry purchased the vehicle.

No evidence has been presented to this court that Homer Skelton had actual or constructive knowledge of the defect at the time it sold the vehicle to Terry. Terry bought the 1997 Ford Expedition in January 2005. The ODI did not begin investigating that model year until March 2005, and Ford did not recall Terry's vehicle until September 2005. Even viewing the facts in the light most favorable to the plaintiff, Homer Skelton cannot be charged reasonably with actual or constructive knowledge of the defective SCDS in the 1997 Ford Expedition when Terry bought it, because the vehicle was not even investigated until two months later. Absent evidence showing actual or constructive knowledge of the defect, the immunity provided by the MPLA is applicable to the seller. Further, Homer Skelton was not negligent in failing to warn of the investigation and recall after January 21, 2005, because there is no post-sale duty to warn of

5

a product defect in Mississippi. *Noah,* 882 So. 2d at 239. Homer Skelton, the only non-diverse

defendant, is immune from liability because it does not fall into any of the exceptions set forth in

the MPLA innocent seller immunity provision. It is an improper party, as the plaintiff has no

possible claims against it, and it must be dismissed. Complete diversity therefore exists.

### B.  Amount in Controversy

"[W]hen the plaintiff's complaint does not allege a specific amount of damages, the

removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.

1995) (citations omitted). "[P]unitive damages are included in the calculation of the amount in

controversy." *Id.* "[A] court can determine that removal was proper if it is facially apparent that

the claims are likely above [$75,000]." *Id.* "The court determines whether it is facially apparent

that the amount in controversy exceeds the jurisdictional minimum by simply examining the

complaint and ascertaining whether the amount in controversy is likely to exceed $75,000."

*Bland v. Fleet Fin.,* No. 1:02CV442-D-D, 2003 WL 22244407, at *2 (N.D. Miss. Sept. 11,

2003). "If the removing defendants are able to establish that the amount in controversy exceeds

$75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of

law, it is certain that he will not be able to recover more than $75,000." *Bland,* 2003 WL

22244407, at *2.

The plaintiff's complaint does not allege a specific amount of damages. He seeks

compensatory damages for his home, property within his home, emotional distress and mental

anguish, and any other damages that may be found. He also seeks punitive damages. The court

finds that based on the harms alleged, along with the request for punitive damages, it is facially

apparent that the amount in controversy exceeds $75,000. The plaintiff did not show, to a legal certainty, that he will be unable to recover more than $75,000. The amount in controversy requirement is therefore met.

### Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is denied. A separate order in accord with this opinion shall issue this day.

This the 20th day of July, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**